AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

JAN 13 2020

United States of America

v.

**TOMAS MARTINEZ-DEVEDIA**

*Defendants*

Case No. 20-mj-5013
(FILED UNDER SEAL)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about January 10, 2020, in the Western District of New York, the defendant, **TOMAS MARTINEZ-DEVEDIA**, did knowingly, intentionally, and unlawfully possess with intent to distribute, and distribute, 3,4-methyl enedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code Section 2.

This Criminal Complaint is based on these facts:

☒  Continued on the attached sheet.

_____
*Complainant's signature*

TIMOTHY O'HARA
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  January 13, 2020

_____
*Judge's signature*

City and State:  Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK      )
COUNTY OF ERIE        )    SS:
CITY OF BUFFALO      )

**TIMOTHY O' HARA**, being duly sworn, deposes and states:

1.     I am a Special Agent (SA) with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since October 2008. I am currently assigned to the HSI Buffalo Border Enforcement Security Task Force (BEST). I am currently attached to the Greater Rochester Area Narcotics Enforcement Team (GRANET). My responsibilities include investigating violations of federal and state criminal laws, including crimes involving smuggling and narcotics trafficking. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516 as well as to conduct investigations and to make arrests for offenses enumerated in Title 21.

2.     During my tenure with HSI, I have participated in numerous narcotics investigations during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers and money launderers. Through my training, education, and experience (including debriefing cooperating drug traffickers and money launderers, monitoring

wiretapped conversations of drug traffickers and money launderers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking and money laundering), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the various ways drug money is laundered, and the efforts of persons involved in such activities to avoid detection by law enforcement. My investigative experience detailed herein, as well as the experience of other law enforcement agents who are participating in this investigation, and information provided to me by cooperating sources, serve as the basis for the opinions and conclusions set forth herein.

3. During my law enforcement career, I have participated in numerous cases involving the distribution of narcotics. I have participated in successful investigations into illicit drug distribution networks. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking and how drug traffickers use their persons and personal property to facilitate their illegal activities. During these investigations, I have participated in the execution of numerous search warrants and seized evidence of such violations. Additionally, I have conducted numerous arrests and interviewed numerous suspects and witnesses.

4. I am familiar with all aspects of this investigation as a result of my participation in this investigation, as well as conversations with other law enforcement officers, and review of documents and records obtained by HSI Agents, United States Customs and Border Protection (CBP), United States Postal Inspection Service (USPIS),

Rochester Police Department (RPD), Monroe County Sheriff's Office (MCSO), and other local Police Departments.

5.      The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

6.      This affidavit is made in support of a criminal complaint against TOMAS MARTINEZ-DEVEDIA      for      possessing      with      intent      to      distribute      3,4-methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

## BACKGROUND OF INVESTIGATION

7.      On or about January 6, 2020, CBP, located at the New York JFK Airport International Mail Facility (IMF), notified HSI two international mail parcels originating in Barcelona, Spain, and destined for two addresses in the greater Rochester area, had been inspected and found to contain a brown chunky substance that field tested positive for MDMA.  The two mail parcels were sent to HSI Rochester for further investigative action.

8.      On or about January 10, 2020, members of GRANET and RPD served two state search warrants related to the importation of the MDMA parcels.  Agents encountered two individuals at each of the two locations.  During Mirandized interviews, agents learned that the parcels were received by the residents at each location on behalf of another individual, who would later collect the MDMA parcels from the residents.  The residents at each location knew the individual as "TOMAS" or "TOMAS MARTINEZ."   A cooperating individual (CI) agreed to contact TOMAS MARTINEZ and arrange to meet him and deliver two of the parcels containing MDMA.  Later that evening, the CI met TOMAS MARTINEZ in a restaurant parking lot.  The CI entered MARTINEZ's vehicle and gave MARTINEZ the parcels containing MDMA.

## PROBABLE CAUSE

### A.    JFK Airport IMF and Parcels Containing MDMA

9.      On or about January 4, 2020, CBP officers at the JFK Airport IMF inspected an international mail parcel with United States Postal Service (USPS) tracking number LX302652285ES.  The parcel was addressed to the CI at an address in the Rochester, New York area, with a return address of CASA TORRES, CARRER DE PETRITXOL 1, 08002 BARCELONA, ESPANA/SPAIN (ES).  Upon examination, the parcel contained an inner silver package which contained a vacuum sealed bag holding a brown chunky substance.  The substance field tested positive for MDMA and weighed approximately 259 grams.

4

10.     On or about January 5, 2020, CBP officers at the JFK Airport IMF inspected an international mail parcel with USPS tracking number LX302652135ES.  The parcel was also addressed to the CI's address in Rochester, New York, with a return address of CASA TORRES, CARRER DE PETRITXOL 1, 08002 BARCELONA, ESPANA/SPAIN (ES).  Upon examination, the parcel contained an inner silver package which contained a vacuum sealed bag holding a brown chunky substance.  The substance field tested positive for MDMA and weighed approximately 260 grams.

11.     The two parcels were turned over to HSI New York and then sent to HSI Rochester for further investigative action.

**B.     Search Warrant at 253 Meigs Street and Subsequent Interviews**

12.     On or about January 9, 2020, Monroe County Court Judge Sam L. Valleriani signed a search warrant for 253 Meigs Street in Rochester, New York, predicated on delivery of two USPS parcels with tracking numbers LX302652285ES and LX302652135ES.  Later on or about January 10, 2020, USPIS, acting in an undercover capacity, delivered the two parcels to 253 Meigs Street.  An individual inside the residence answered the door and took custody of the parcels.  Shortly thereafter, officers with RPD executed the search warrant on 253 Meigs Street.  In addition to encountering two individuals inside the location, officers also found and seized narcotics related evidence as listed in the search warrant.

13.     Upon completion of the search of the premises, the two individuals were read their Miranda Rights.   One individual invoked his rights, and the other individual, the CI, agreed to speak with agents. The CI stated, in relevant part, the following:

    a.    He had a fake identification card in the name Michael John Young.

    b.    An individual known to the CI as "Mas" or "Tomas" asked him to receive the two parcels at 254 Meigs Street.  The CI was to be paid an as yet not agreed upon sum for receiving the parcels.

    c.    The CI said that he had picked up cash from individuals on behalf of Tomas in the past.

    d.    The CI claimed to not know the contents of the parcels.

    e.    The CI stated that he communicated with Tomas via a texting application on his cell phone.

14.     The CI agreed to contact Tomas via text message and arrange to meet and deliver the two parcels to Tomas.

## C.     Controlled Delivery of Two Parcels of Sham MDMA to TOMAS MARTINEZ-DEVEDIA

15.     Prior to the controlled delivery, law enforcement placed an uncontrolled substance (sham) with similar weight and dimensions to MDMA in a package.  On or about January 10, 2020, the CI used his cell phone to send a text message to the individual he knew as "Tomas."  The CI and Tomas later met in the parking lot of Little Caesars Pizza at 515 Monroe Avenue, Rochester, New York.  The following text messages were between the CI and Tomas:

| | |
|---|---|
| CI: | Hey what's up wanna grab a bite to eat |
| Tomas: | That landed? |
| CI: | Yeah |
| Tomas: | Awesome where you at |
| CI: | I'm with my son grab a slice of pizza at acme 630 |
| Tomas: | Ok I'll hit you around then iim taking care of something's as well so take your time<br>When's that Lil not gonna have his bar mitzvah<br>Lil boy* |
| CI: | He's not Jewish |
| Tomas: | Come on bro I was just joking<br>I know you're not a Muslim |
| CI: | I'm at acme getting a slice |
| Tomas: | Ok<br>I'm almost done<br>There was two boxes right? |
| CI: | Yes 2 |
| Tomas: | Awesome<br>I'm about to head over I'm in Fairport |
| CI: | Ok |
| Tomas: | I'm here at caesars |
| CI: | Be out in a minute v |

16.    On or about January 10, 2020, at approximately 7:45 pm, members of GRANET watched the CI get into a white Toyota Rav4 driven and occupied only by TOMAS MARTINEZ-DEVEDIA.    The CI gave the two mail parcels, which contained sham

MDMA, to MARTINEZ-DEVEDIA.  The CI was wearing an audio recorder and captured

the following conversation, in relevant part, between himself and MARTINEZ-DEVEDIA:

| | |
|---|---|
| Martinez: | How are you doing? |
| CI: | Good, just tired….think I'm sick… |
| Martinez: | You sound it.<br>BAG RUSTLING |
| Martinez: | These are little guys…<br>Good looking bro.<br>Whatcha gonna do? |
| CI: | Go back in there, finish my food. |
| Martinez: | And then? |
| CI: | Call it a night dude, I'm sick. |
| Martinez: | Alright, well holler at me tomorrow. |
| CI: | Alright. |
| Martinez: | There's a possibility there's two more coming.  And um…I just…he stopped communicating with me.  So I don't know if he sent them or didn't send them, but be on the lookout cause, they might be in like at any moment. |
| CI: | Alright. |
| Martinez: | Thank you bro. |
| CI: | Yup. |

## CONCLUSION

17.    Based upon the foregoing, it is respectfully submitted that there is probable

cause to believe that TOMAS MARTINEZ-DEVEDIA did knowingly, intentionally, and

unlawfully possess with intent to distribute 3,4-methylenedioxymethamphetamine (MDMA)

8

in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(C), and Title

18, United States Code, Section 2(a).

Timothy O'Hara, Special Agent
Homeland Security Investigations

Subscribed to and sworn before me
this 13ᵗʰ day of January 2020.

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE

9